IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01519-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 7 2010

GREGORY C. LANGHAM
CLERK

ADRIAN MESTAS,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director of CDOC,
KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Adrian Mestas, is in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Mestas, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on July 20, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On July 28, 2010, Respondents filed their Pre-Answer Response. Mr. Mestas filed a Reply on August 19, 2010.

The Court must construe liberally the Application and Reply because Mr. Mestas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Mestas asserts that he pled guilty to assault with a deadly weapon and possession of a weapon by a previous juvenile offender in the Denver County District Court in Case No. 06CR3634 and was sentenced to a total of thirty-five years of incarceration on March 2, 2007. He further asserts that he did not file a direct appeal. He did file a Colo. R. Civ. P. 35(c) postconviction motion on June 15, 2007, and his petition for certiorari review concerning that motion was denied on July 6, 2009.[1] Mr. Mestas asserts three claims, including: (1) a violation of his equal protection rights based on state law; (2) a proportionality violation; and (3) an unintelligent and involuntary plea. Respondents concede in the Pre-Answer Response that Mr. Mestas's Application is timely, but they argue that all of the claims are procedurally defaulted in state court.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

---

[1] Respondents attached a copy of the state court docket in Mr. Mestas's criminal proceeding (Pre-Answer Resp. at Ex. A). The record shows that Mr. Mestas filed a second postconviction motion on February 13, 2008 that he appealed along with the first postconviction motion. Mr. Mestas also filed a motion for reconsideration on April 16, 2007 that was denied, but he did not appeal the denial.

2

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

3

Here, the Colorado Court of Appeals (CCA) specifically stated that Mr. Mestas's appeal failed for procedural reasons. *State of Colo. v. Mestas*, No. 08CA0591 (Colo. App. Mar. 19, 2009). First, the CCA found that Mr. Mestas's appeal of the first postconviction motion was untimely. *Id.* at 4. Second, Mr. Mestas failed to present an argument challenging the dismissal of the second postconviction motion by the trial court and, therefore, the denial of the second postconviction motion by the trial court was correct under Colo. R. Crim. P. 35(c)(3)(VI)-(VII). *Id.* Nonetheless, the CCA found that it "would serve the interest of judicial economy for [the CCA] to address the issues that have been fully briefed . . . and conclude[d] that, in addition to its procedural flaws, Mestas's appeal fail[ed] on the merits." *Id.*

"A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]." *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

> Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

*Id.* at 264 n.10 (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935)).

In dismissing Mr. Mestas's appeal of his first postconviction motion, the CCA referred to *People v. Baker*, 104 P.3d 893 (Colo. 2005), and found that, unlike the appellant in *Baker,* Mr. Mestas did not assert ineffective assistance of counsel in not filing a timely appeal or court error in failing advising him of his right to appeal (which does not apply in a postconviction motion), and he did not request that the CCA accept

4

the appeal as untimely. *State of Colo. v. Mestas*, No. 06CR3634 at 3-4 (Colo. App. Mar. 19, 2009). The CCA found, therefore, that Mr. Mestas's challenge to the trial court's dismissal of his first postconviction motion was untimely under Colo. App. R. 4(b).

The CCA has applied Rule 4(b) uniformly and evenhandedly in cases featuring an appeal of Rule 35(c) postconviction motions. *See, e.g., People v. Banuelos-Landa*, 109 P.3d 1039, 1041 (Colo. App. 2004); *People v. Adams*, 905 P.2d 17, 18 (Colo. App. 1995). This Court, therefore, finds that the CCA followed an independent and adequate state procedural ground that is strictly or regularly followed and applied the state procedural ground evenhandedly in denying Mr. Mestas's appeal of his first postconviction motion.

The Colorado Rules of Criminal Procedure also prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Mestas's claims. *Id.* The Court, therefore, finds that the CCA followed an independent and adequate state procedural ground evenhandedly in affirming the trial court's denial of Mr. Mestas's second postconviction motion as successive. *See Elliott v. Abbott*, 363 F. App'x 623, 625 (10th Cir. Jan. 28, 2010) (unpublished) (dismissal by state court of successive postconviction motion constitutes independent and adequate state ground); *McMillian v. Carochi*, 301 F. App'x 801, 803-05 (10th Cir. Dec. 9, 2008) (unpublished).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Mestes's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Construing his Reply to Respondents' Pre-Answer Response liberally, Mr. Mestas appears to argue the merits of his claims as the basis for finding prejudice and a miscarriage of justice. Mr. Mestas also asserts that the prison law library clerk refused to shepardize state cases and to allow him access to federal case law.

To demonstrate cause for his procedural default, Mr. Mestas must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Mestas first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Mr. Mestas then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Mestas fails to present any new reliable evidence that demonstrates he is actually innocent. Therefore, he fails to demonstrate that a failure to consider his claims will result in a fundamental miscarriage of justice. Mr. Mestas also fails to show cause. His general claim of denial of shepardized state case law and access to federal case law does not support a finding that a factor external to the defense impeded his ability to comply with the state's procedural rule. As a result, his claims challenging his conviction are procedurally barred in a federal habeas action. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Mestas has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  7th  day of  September , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01519-BNB

Adrian Mestas
Prisoner No. 135491
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk